1  SHAWN N. ANDERSON
United States Attorney
2  Districts of Guam and the NMI
ROSETTA L. SAN NICOLAS
3  Assistant United States Attorney
Sirena Plaza, Suite 500
4  108 Hernan Cortez Avenue
Hagåtña, Guam 96910
5  PHONE: (671) 472-7332
FAX: (671) 472-7215
6
Attorneys for the United States of America
7

FILED
DISTRICT COURT OF GUAM

JUN 28 2023 cmc

JEANNE G. QUINATA
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
8
FOR THE TERRITORY OF GUAM
9

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 23-00001 |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| MELVIN JOHN SALAS NAPUTI, | |
| Defendant. | |

15      Plaintiff, United States of America, by and through Shawn N. Anderson, United States

16  Attorney for the Districts of Guam and the Northern Mariana Islands ("NMI"), and Rosetta L. San

17  Nicolas, Assistant United States Attorney for the Districts of Guam and the NMI, and Defendant

18  MELVIN JOHN SALAS NAPUTI ("Defendant") and the Defendant's counsel, Jehan'Ad

19  Martinez, agree to the following Plea Agreement:

20  1.  Guilty Plea and Maximum Statutory Penalties:

21      The Defendant MELVIN JOHN SALAS NAPUTI, agrees to plead guilty to Counts 3 and

22  5 of the Superseding Indictment filed on April 26, 2023, charging the Defendant with Count 3:

23  Attempted Possession with Intent to Distribute Fifty (50) or More Grams of Methamphetamine, in

24  violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2, and Count 5: Felon

PLEA AGREEMENT - 1



1 | in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1).

2 | The Defendant, MELVIN JOHN SALAS NAPUTI, understands that the charge contained
3 | in Count 3 of the Indictment is a Class A felony, and understands that the charge contained in
4 | Count 5 of the Indictment is a Class C felony.

5 | The Defendant, MELVIN JOHN SALAS NAPUTI, understands that because he has a final
6 | conviction for a serious drug felony, namely a conviction under Title 21 U.S.C. 841(a)(1),
7 | Possession of Methamphetamine with Intent to Distribute, in CR-10-00076-001, the mandatory
8 | minimum and maximum statutory penalty for Count 3 – Attempted Possession with Intent to
9 | Distribute Fifty (50) or More Grams or More of Methamphetamine Hydrochloride, in violation of
10 | 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2, is a term of imprisonment which
11 | may not be less than fifteen (15) years and not more than life imprisonment; a fine not to exceed
12 | $20,000,000; a term of supervised release of at least ten (10) years; denial of certain federal
13 | benefits and a $100 special penalty assessment.

14 | The Defendant, MELVIN JOHN SALAS NAPUTI, also understands that the offense of
15 | Count 5 - Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1),
16 | carries a penalty of not more than a 15-year term of imprisonment; a fine not more than $250,000;
17 | not more than a 3-year term of supervised release and a $100.00 special penalty assessment.

18 | The Defendant, MELVIN JOHN SALAS NAPUTI, understands that a violation of a
19 | condition of supervised release for Attempted Possession with Intent to Distribute Fifty (50) or
20 | More Grams or More of Methamphetamine offense carries an additional penalty of re-
21 | imprisonment for all or part of the ten-year term of supervised release without credit for time
22 | previously served on post-release supervision.

23 | The Defendant, MELVIN JOHN SALAS NAPUTI, understands that a violation of a
24 | condition of supervised release for Felon in Possession of a Firearm carries an additional penalty

PLEA AGREEMENT - 2

1 of re-imprisonment for all or part of the three-year term of supervised release without credit for
2 time previously served on post-release supervision.

3 2.  Denial of Federal Benefits:

4 The Defendant understands that by entering this plea of guilty the Defendant is no longer
5 eligible for assistance under any state program funded under part A of title IV of the Social Security
6 Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp
7 program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further,
8 the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or
9 commercial license provided by an agency of the United States or by appropriated funds of the
10 United States. 21 U.S.C. § 862.

11 3.  The Court's Role in Plea and Sentencing Procedure:

12 The Court is not a party to this Plea Agreement. Sentencing is a matter that is solely within
13 the discretion of the Court. The Defendant understands that the Court is under no obligation to
14 accept any recommendations made by the United States and/or by the Defendant; that the Court
15 will obtain an independent report and sentencing recommendation from the U.S. Probation Office;
16 and that the Court may, in its discretion, impose any sentence it deems appropriate up to the
17 statutory maximums stated in this Plea Agreement.

18 The Defendant acknowledges that no promises of any type have been made to the
19 Defendant with respect to the sentence the Court will impose in this matter. The Defendant
20 understands that the Court is required to consider the applicable sentencing guideline range, but
21 may depart upward or downward under the appropriate circumstances.

22 The Defendant also understands that should the sentencing judge decide not to accept any
23 of the parties' recommendations, that decision is not a basis for withdrawing from this Plea
24 Agreement or a basis for withdrawing this plea of guilty.

PLEA AGREEMENT - 3

1     The Defendant understands that the Court shall accept the Defendant's unconditional guilty

2 plea as long as it meets the requirements of Fed. R. Crim. P. 11(b). The Court will therefore

3 conduct a limited inquiry to determine whether the Defendant's plea is knowing, voluntary and

4 intelligent, and has a sufficient factual basis.

5   4.   Waiver of Constitutional Rights:

6     The Defendant, MELVIN JOHN SALAS NAPUTI, understands that by entering this plea

7 of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights,

8 including:

9     (a)    The right to a jury trial, and to be represented at trial and every other stage of the

10 proceedings;

11     (b) The right at trial to see, hear and question and cross-examine the adverse witnesses;

12     (c) The right to remain silent at trial with such silence not being used against the defendant

13 in any way;

14     (d) The right to testify at trial and present evidence;

15     (e) The right to compel witnesses to testify; and

16     (f) The right to plead not guilty and to persist with that plea.

17     While the Defendant is waiving certain constitutional rights, the Defendant understands

18 the Defendant retains the right to be assisted through the sentencing and any direct appeal of the

19 conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot

20 afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently

21 pending before the Court are waived.

22   5.   Elements of the Offense:

23     The United States and the Defendant agree that in order to convict the Defendant of Count

24 3 – Attempted Possession with Intent to Distribute Fifty (50) or More Grams of Methamphetamine

PLEA AGREEMENT - 4

Hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2,

the United States would have to prove beyond a reasonable doubt the following elements:

> First, the defendant intended to possess methamphetamine hydrochloride with the intent to distribute it to another person; and

> Second: The defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

The United States and the Defendant agree that in order to convict the Defendant of Count

5, Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), the

United States would have to prove beyond a reasonable doubt the following elements:

> First, on or about August 8, 2018, the Defendant knowingly possessed one (1) Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and twenty-two (22) assorted rounds of ammunition;

> Second, at the time the Defendant possessed the firearm, one (1) Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and twenty-two (22) assorted rounds of ammunition, the Defendant knew that he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

> Third, the Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and twenty-two (22) assorted rounds of ammunition, had been transported in interstate or foreign commerce; and

> Fourth, at the time the Defendant possessed the Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and twenty-two (22) assorted rounds of ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

6.  Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are

accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and

these facts constitute an adequate factual basis for Defendant's guilty plea.

The Defendant was born on 1972, and is a citizen of the United States.

PLEA AGREEMENT - 5

Defendant MELVIN JOHN SALAS NAPUTI has previously been convicted of crimes as follows:

On or about August 12, 2011, MELVIN JOHN SALAS NAPUTI entered into a plea of guilty and was sentenced in Criminal Case No. 1:10-CR-000068-001, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). This felony conviction is punishable by a term of imprisonment exceeding one (1) year.

On or about August 12, 2011, MELVIN JOHN SALAS NAPUTI entered into a plea of guilty and was sentenced in Criminal Case No. 1:10-CR-000076, Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), this conviction is for an offense for which a maximum term of imprisonment of ten years or more is prescribed by law.

On August 8, 2018, U.S. Marshals executed a federal arrest warrant for MELVIN JOHN SALAS NAPUTI ("NAPUTI") at Room #400 Oceanview Residence Hotel in Tumon, Guam. NAPUTI was with his girlfriend M.C. U.S. Marshals conducted a safety sweep of the hotel room locating drug paraphernalia on top of a room safe in plain sight. M.C. admitted that there were illegal drugs and a firearm in the hotel room and consented to search.

Law enforcement found 15 grams of methamphetamine (99% purity) in an ice bucket, cocaine, drug packaging material, drug paraphernalia, one (1) Kimber, model Ultra Carry II, .45 ACP caliber pistol, bearing serial number KU122576, two (2) magazines, 22 assorted rounds of .45 caliber ammunition, as well as $7,405.00 which was the illegal proceeds from the sale of illicit drugs. M.C. informed investigators that the Kimber firearm was NAPUTI's and that he carried the firearm in his (NAPUTI's) backpack. Examination of the firearm revealed that it was manufactured in New York, and registered to Omi Markell Jordan. M.C. also had 4.59 grams of d-methamphetamine hydrochloride (99% purity) and .09 grams of cocaine hydrochloride within a

PLEA AGREEMENT - 6

pouch in her purse. The total amount of d-methamphetamine found in the hotel room weighed 19.59 grams.

After being advised of her rights, M.C. reported that the drugs found in her purse belonged to NAPUTI who used her pouches to store his drugs, and that he used her cell phone to receive orders for drugs. M.C. consented to search of her cellular phone, law enforcement located text messages from T.P. and B.A. arranging for the purchase of methamphetamine from NAPUTI.

At the time that NAPUTI knowingly possessed the Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and twenty-two (22) assorted rounds of ammunition, NAPUTI had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and twenty-two (22) assorted rounds of ammunition had been transported in interstate commerce prior to NAPUTI'S possession of it. At the time the defendant NAPUTI possessed the one (1) Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and the twenty-two (22) assorted rounds of ammunition, the defendant NAPUTI knew he had been convicted of a felony offense.

On or about On April 4, 2021, U.S. Postal Inspection Services ("USPIS") intercepted a package addressed to "Tina Lay" which held 926 net grams of methamphetamine hydrochloride with a purity level of 100%. The drug was wrapped in blue paper. USPIS obtained a tracking warrant, replaced the 926 net grams of methamphetamine with a sham substance, and involved Special Agents and Task Force Officers with Homeland Security Investigations ("HSI") in the investigation.

The Tina Lay package was delivered to a mailbox where it was picked up by a male riding a motorcycle. HSI tracked the Tina Lay package, eventually following a male who drove a 2012 Gray Dodge Charger to K.F's residence located at 129B Dairy Road, Mangilao. The package was

PLEA AGREEMENT - 7

1   then breached. As HSI and USPIS Postal Agents entered the home, a male identified to be
2   MELVIN JOHN SALAS NAPUTI climbed out of a window and ran away leaving behind his
3   black backpack, cell phones, the Tina Lay package, and the parked 2012 Dodger Charger.

4   K.F. stated that NAPUTI came to his home asking to use his bathroom. NAPUTI then
5   asked K.F. to carry his backpack into the home. K.F. saw NAPUTI holding a blue packet, enter
6   the bathroom, exit the bathroom, before climbing out of a window and running away. K.F.
7   consented to search of the residence.

8   The Tina Lay package was found in a bedroom, the sham (wrapped in a blue packet) was
9   found in the toilet tank in the bathroom. NAPUTI's black backpack found in the bedroom held
10  $24,075.00 in cash, plastic baggies, three scales, calibration weights, 821 net grams of
11  methamphetamine hydrochloride with a 99% purity level, and a nasal spray bottle. The 2012
12  Dodge Charger driven by NAPUTI had plastic bags on the front seat, one plastic bag contained
13  $56,000.00 in cash, and the other plastic bag held $15,010.00 in cash. NAPUTI also left his
14  cellular phone in K.F.'s bedroom.

15  HSI obtained fingerprints from the contents of the 2012 Dodge Charger. H.S.I. obtained
16  D.N.A. from a nasal spray and a drink bottle. The Court issued a search warrant authorizing H.S.I.
17  to obtain a search warrant to collect a Buccal swab from NAPUTI. Forensic Examiners with the
18  Federal Bureau of Investigations determined that the fingerprints were consistent with NAPUTI's
19  fingerprints and that the D.N.A. was NAPUTI's. The contents of NAPUTI's phone were extracted
20  revealing drug conversations.

21  The parties agree that the amount of methamphetamine and methamphetamine
22  hydrochloride attributable to the Defendant that shall be considered for sentencing purposes is the
23  net weight after laboratory analysis of the controlled substances seized from the Defendant. The
24  quantities of the methamphetamine attributed to NAPUTI are as follows:

PLEA AGREEMENT - 8

April 20, 2023 – 1,556 net grams of methamphetamine (seized from Toyota 4-Runner upon NAPUTI's arrest);

April 4, 2021 – 821 net grams of methamphetamine hydrochloride (seized from NAPUTI's backpack left at the K.F. residence)

April 4, 2021 – 926 grams of methamphetamine hydrochloride (seized from the "Tina Lay" package)

Defendant NAPUTI utilized several vehicles (listed below) to commit or facilitate the commission of the offenses herein, or purchased the vehicles using illegal proceeds from the illegal sales of controlled substances, as follows:

a. 2012 Gray Dodge Charger, Guam License Plate No: CP 5884, VIN: 2C3CDXBG1CH162535;

b. 2016 Grey Toyota Tacoma Truck, Guam License Plate No: AH 6333, VIN: 5TFSX5EN7GX042530;

c. 2015 Black and Blue Polaris RZR XP, VIN: 3NSVDE99XFF431639;

d. 2014 Black Lexus IS250, Guam License Plate No: SR 5590, VIN: JTHBF1D29E5001830.

The following currencies were seized from Defendant NAPUTI, said currency is the illegal proceeds of the distribution of controlled substances:

a. Approximately $24,075.00, seized from backpack by Homeland Security Investigations ("HSI") on or about April 6, 2021;

b. Approximately $56,000.00 seized from Dodge Charger by HSI on or about April 6, 2021;

c. Approximately $15,010.00 seized from Dodge Charger by HSI on or about April 6, 2021;

d. Approximately $29,176.00 in U.S. Currency by seized by Alcohol, Tobacco, Firearms & Explosives ("ATF") on or about July 7, 2021;

e. Approximately $36,792.00 in U.S. Currency seized by ATF on or about July 7, 2021;

f. Approximately $17,000.00 in U.S. Currency seized by ATF from James Ada Mafnas on or about December 29, 2020;

g. Approximately $7,405.00 in U.S. Currency seized from Room 400, Oceanview Residence Hotel on or about August 8, 2018;

h. Approximately $30,976.00 in U.S. Currency seized from the vehicle driven by the Defendant (4-Runner) on or about April 19, 2023; and

i. Approximately $2,680.00 in U.S. Currency seized from Defendant's vehicle (4-Runner) on or about April 21, 2023.

The following personal property were purchased using the illegal proceeds of the distribution of drugs:

PLEA AGREEMENT - 9

a. One (1) Harry Winston Watch 200-MAPC 41R;

b. One (1) Accubanker Money Counter;

c. One (1) Black Nokia cellphone, Model TA-1282, IMEI: 353195111233327 with sim: 310470004072467 seized from Defendant's vehicle on or about April 21, 2023;

d. One (1) iPad in pink case seized from Defendant's vehicle on or about April 21, 2023;

e. One (1) Black WD My Passport Ultra Hard drive, Serial No. WXF1E550FA41 seized from Defendant's vehicle on or about April 21, 2023;

f. One (1) Black LG V50 ThinQ cellphone seized from Defendant on or about April 19, 2023;

g. One (1) Black Kyocera cellphone, Model: E6560 seized from Defendant on or about April 19, 2023;

h. One (1) Black Samsung cellphone, IMEI: 356107110229138 seized from Defendant on or about April 19, 2023; and

i. One (1) Purple Samsung cellphone, IMEI: 358109750005354 seized from Defendant on or about April 19, 2023.

Defendant stipulates and agrees that he has used illegal proceeds from the sale of controlled substances to improve the following real property:

Lot No. 7086-9A-4, Yigo, Guam, Estate No. 68207, Suburban, containing an area of 2,111+ square meters, as shown on Drawing No. CSS-01-30-85, L.M. No. 134 FY 85, prepared by Elmer L. Gay, RLS#14, dated March 15, 1985, Document No. 35700. Last registered owner being Vincent C. Benavente. Last Certificate of Title No.: 116041.

This statement of facts is made for the limited purpose of supporting the Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

7. <u>Waiver of Inadmissibility of Statements:</u>

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if

PLEA AGREEMENT - 10

the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

8.  The United States Agrees:

(a.) Dismissal:

At the time of sentencing, the United States agrees to move to dismiss Count 1, 2, and 4 of the superseding indictment.

(b.) Not to File Additional Charges:

The United States Attorney's Office for the Districts of Guam and the NMI agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

9.  United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

(a)     Victim-Related Adjustments:

There are no victim-related adjustments.

(b)     Acceptance of Responsibility:

PLEA AGREEMENT - 11

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than June 29, 2023, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the District of Guam, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

(c)     Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

10. Departures:

The Defendant and the United States understand and acknowledge that, at sentencing, they are free to make whatever sentencing recommendations for whatever reasons they deem are

PLEA AGREEMENT - 12

1 appropriate. That is, the United States and the Defendant are free to seek an upward or a downward

2 departure from the applicable sentencing guideline range.

3     11. <u>Incarceration</u>:

4         (a)    <u>Length of Imprisonment</u>:

5     The United States and the Defendant understand and acknowledge that, at sentencing, they

6 are free to make whatever sentencing recommendations for whatever reasons they deem are

7 appropriate. That is, the United States and the Defendant are free to seek an upward or a downward

8 departure from the applicable sentencing guideline range.

9         (b)    <u>Bureau of Prison Recommendations</u>:

10     The United States Attorney's Office for the Districts of Guam and the NMI acknowledges

11 that the Defendant intends to request the Court to write a letter to the United States Bureau of

12 Prisons recommending that the Defendant be allowed to participate in the Bureau of Prisons'

13 intensive drug treatment program or to serve the sentence at a specific institution. The Defendant

14 understands that any decision concerning the Defendant's eligibility to participate in the program

15 or place of incarceration is within the exclusive province of the Bureau of Prisons.

16     The United States Attorney's Office agrees to notify the appropriate Bureau of Prisons

17 officials and request that, in the interests of the Defendant's safety, that the Defendant be

18 incarcerated separate and apart from any of the co-defendants or any other person the Defendant

19 has provided information about.

20     12. <u>Criminal Fine</u>:

21     The United States and the Defendant are free to make whatever recommendation

22 concerning the imposition of a criminal fine that they believe is appropriate.

23     13. <u>Supervised Release</u>:

24     The United States and the Defendant agree to recommend that the Court impose a 5-year

PLEA AGREEMENT - 13

term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

(1) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

(2) that the Defendant complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

(3) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

14. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the District of Guam, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

15. Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Forfeiture:

The Defendant agrees to forfeit, pursuant to 21 U.S.C. § 853, all interests in any drug-related asset that the Defendant currently owns, has previously owned or over which the Defendant currently, or has in the past, exercised control, directly or indirectly, and any property the Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offenses set forth in Counts 3 and

PLEA AGREEMENT - 14

5, including but not limited to the following specific properties:

## VEHICLES

a. 2012 Gray Dodge Charger, Guam License Plate No: CP 5884, VIN: 2C3CDXBG1CH162535;
b. 2016 Grey Toyota Tacoma Truck, Guam License Plate No: AH 6333, VIN: 5TFSX5EN7GX042530;
c. 2015 Black and Blue Polaris RZR XP, VIN: 3NSVDE99XFF431639;
d. 2014 Black Lexus IS250, Guam License Plate No: SR 5590, VIN: JTHBF1D29E5001830;

## U.S. CURRENCY

a. Approximately $24,075.00, seized from backpack by Homeland Security Investigations ("HSI") on or about April 6, 2021;
b. Approximately $56,000.00 seized from Dodge Charger by HSI on or about April 6, 2021;
c. Approximately $15,010.00 seized from Dodge Charger by HSI on or about April 6, 2021;
d. Approximately $29,176.00 in U.S. Currency by seized by Alcohol, Tobacco, Firearms & Explosives ("ATF") on or about July 7, 2021;
e. Approximately $36,792.00 in U.S. Currency seized by ATF on or about July 7, 2021;
f. Approximately $17,000.00 in U.S. Currency seized by ATF from James Ada Mafnas on or about December 29, 2020;
g. Approximately $7,405.00 in U.S. Currency seized from Room 400, Oceanview Residence Hotel on or about August 8, 2018;
h. Approximately $30,976.00 in U.S. Currency seized from Defendant's vehicle on or about April 19, 2023;
i. Approximately $2,680.00 in U.S. Currency seized from Defendant's vehicle on or about April 21, 2023;

## PERSONAL PROPERTY

a. One (1) Harry Winston Watch 200-MAPC 41R;
b. One (1) Accubanker Money Counter;
c. One (1) Black Nokia cellphone, Model TA-1282, IMEI: 353195111233327 with sim: 310470004072467 seized from Defendant's vehicle on or about April 21, 2023;
d. One (1) iPad in pink case seized from Defendant's vehicle on or about April 21, 2023;
e. One (1) Black WD My Passport Ultra Hard drive, Serial No. WXF1E550FA41 seized from Defendant's vehicle on or about April 21, 2023;
f. One (1) Black LG V50 ThinQ cellphone seized from Defendant on or about April 19, 2023;
g. One (1) Black Kyocera cellphone, Model: E6560 seized from Defendant on or about April 19, 2023;

PLEA AGREEMENT - 15

h.  One (1) Black Samsung cellphone, IMEI: 356107110229138 seized from Defendant on or about April 19, 2023;

i.  One (1) Purple Samsung cellphone, IMEI: 358109750005354 seized from Defendant on or about April 19, 2023;

## FIREARM AND AMMUNITION

a.  One (1) Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and

b.  Twenty-two (22) assorted rounds of ammunition

## MONEY JUDGMENT

A sum of money representing the amount of proceeds obtained as a result of the offenses. (Collectively, "properties").

Defendant agrees that he is the sole owner of the properties and that they are subject to forfeiture pursuant to 21 U.S.C. § 853 because they were used or intended to be used to commit, or to facilitate the commission of, the violations of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) set forth in Count 3 of the Superseding Indictment.

As to Count 5, Defendant further agrees to forfeit, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all his right, title, and interest in any firearms and ammunition involved in the commission of the offense of 18 U.S.C. § 922(g)(1), including but not limited to:

a.  Kimber, 45 Caliber pistol, 45ACP, Model Ultra Carry II, bearing serial number KU122576 and twenty-two (22) assorted rounds of ammunition.

..

Defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, and disposal of property covered by this agreement.

The Defendant stipulates and agrees that the conduct described in the Factual Basis contained herein provides a basis for forfeiture of the above listed properties. Defendant further agrees to waive all interest in any such property in any administrative or judicial forfeiture

PLEA AGREEMENT - 16

proceeding, whether criminal or civil, state, local or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to the provisions of Fed. R. Crim. P. 32.2(b)(1), the United States and the Defendant agree to request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established that properties constitute property involved in violations of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii), and that firearms, ammunition and firearm accessories identified on page 16 of this plea agreement constitute property involved in a violation of 18 U.S.C. § 922(g)(1), and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that will be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excess fine or punishment. Without limitation, Defendant understands and agrees that by virtue of his plea of guilty Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

The Defendant further agrees to take all steps as requested by the United States to pass clear title to forfeitable property to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as either property facilitating illegal conduct or proceeds involved in the illegal conduct giving rise to forfeiture.

The Defendant understands that the United States reserves the right to seek additional forfeiture, including but not limited to additional sums of money or property that are proceeds traceable to, constitute, or are derived from proceeds traceable to a violation of the offenses of conviction of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). Defendant understands that pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and Rule 32.2(e)(1), if the court cannot identify all of the specific properties subject to forfeiture, or calculate the amount of the money judgment, before sentencing, it may enter an order that describes the property in general terms.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of any money judgment. The court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The Defendant further agrees that Fed. R. Crim. P. 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the Defendant as part of his cooperation.

The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and

PLEA AGREEMENT - 18

1 | complete information about substitute assets, these steps include, but are not limited to, the

2 | surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents

3 | necessary to effectuate such transfers. Forfeiture of the Defendant's assets shall not be treated as

4 | satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may

5 | impose upon the Defendant in addition to forfeiture.

6 | 17. <u>Financial Disclosure Obligations</u>:

7 | Defendant agrees to submit to the United States Attorney's Office for the Districts of Guam

8 | and the NMI, within three weeks of the execution of this Plea Agreement, a complete, accurate

9 | and truthful financial statement and accompanying releases, in a form it provides and as it directs.

10 | Defendant agrees to disclose all assets in which he has any interest or over which he exercises

11 | control, directly or indirectly, including those held by a spouse, nominee or other third party.

12 | Defendant authorizes the United States Attorney's Office for the Districts of Guam and the NMI

13 | to obtain a credit report on him to evaluate his ability to satisfy any financial obligation imposed

14 | by the Court.

15 | Defendant understands and agrees that any monetary penalties imposed by the Court will

16 | be due and payable immediately and subject to immediate enforcement by the United States,

17 | pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any

18 | remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is financially

19 | unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with

20 | the United States Attorney's Office; (b) to provide updated financial statements upon request by

21 | the United States Attorney's Office and to keep the office advised about Defendant's current

22 | address; and (c) for his debt to be placed on the Treasury Offset Program and any tax refund/rebate

23 | offset program existing in his state or place of residency. Defendant understands that any funds

24 |

PLEA AGREEMENT - 19

1 captured by an offset program will be paid towards his monetary penalties, but does not relieve
2 him of his obligation to pay the monetary penalties in full.

3     18. Additional Violations of Law Can Void Plea Agreement:

4     The Defendant and the United States agree that the United States may at its option and
5 upon written notice to the Defendant, withdraw from this Plea Agreement or modify its
6 recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or
7 convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled
8 substance.

9     19. Appeal Rights:

10     Defendant understands that he has a limited right to appeal or challenge the conviction and
11 sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his
12 conviction, including any restitution order. Defendant further expressly waives his right to file
13 any post-conviction motion attacking his conviction and sentence, including a motion pursuant to
14 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information
15 not now known by Defendant and which, in the exercise of due diligence, could not be known by
16 Defendant by the time the Court imposes the sentence.

17     20. Integration Clause:

18     The United States and the Defendant acknowledge that this document constitutes the entire
19 Plea Agreement between the United States and the Defendant, and no other promises, agreements,
20 or conditions exist between the United States and the Defendant concerning the resolution of the
21 case. This Plea Agreement is binding only upon the United States Attorney's Office for the
22 Districts of Guam and the NMI, and cannot bind other federal, state, or local authorities. The
23 United States and the Defendant agree that this agreement cannot be modified except in a writing
24 that is signed by the United States and the Defendant.

PLEA AGREEMENT - 20

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the NMI.

Shawn N. Anderson
United States Attorney

_____           ___6\|28\|2023____

ROSETTA L. SAN NICOLAS                          Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____           ___06.29.23____

MELVIN JOHN SALAS NAPUTI                      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____           ___June 28, 2023____

JEHAN'AD MARTINEZ                              Date
Attorney for the Defendant

PLEA AGREEMENT - 21