JEHAN'AD MARTINEZ
BLAIR STERLING JOHNSON & MARTINEZ, P.C.
1411 Pale San Vitores Road, Suite 303
Tamuning, Guam 96913
Telephone: (671) 477-7857
Facsimile: (671) 472-4290

*Attorneys for Defendant Melvin John Salas Naputi*

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR23-00001 |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S PARTIAL OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT) AND PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY)** |
| MELVIN JOHN SALAS NAPUTI, | |
| Defendant. | |

**COMES NOW** Defendant **MELVIN JOHN SALAS NAPUTI** (hereinafter "Mr. Naputi"), through his counsel, Jehan'Ad G. Martinez, and herein submits his partial opposition to the United States of America's motion for order of forfeiture (money judgment) and preliminary order of forfeiture (specific property).

1. **INTRODUCTION**

On January 24, 2024, The United States of America filed its Motion For Order Of Forfeiture (Money Judgment) And Preliminary Order Of Forfeiture (Specific Property). (ECF No. 193). Mr. Naputi does not oppose the forfeiture of the vehicles and U.S, currency, personal property or firearm and ammunition listed on pages one and two of the Government's motion.

- 1 -

Mr. Naputi does, however, oppose the Government's claim of money judgment relating to real property located at 119 Tun Luis Tugon, Yigo, Guam, which is owned by Roxanne Hocog, also known as Roxanne Naputi ("Mrs. Naputi"), listed on page two of the Government's motion. Mr. Naputi acknowledges that the Government does not seek to forfeit the real property owned by Roxanne Naputi but seeks a money judgment against him for the value of improvements he made in Mrs. Naputi's property. (ECF No. 193, n. 3). He does, however, contest the Government's support for the quantum of the judgment it now asks this Court to grant against him.

2. **ARGUMENT**

The Government's request for judgment of $298,71.00 (ECF No. 193, p. 2) is based upon two facts: first, Mrs. Naputi's statement that Mr. Naputi gave her $2,000 every other week, along with $4,000 to attend a military graduation; and second, an estimate of construction improvement costs from an employee of the Government of Guam, Department of Public Works. Mr. Naputi is not contesting the Governments $82,000 sum supported by Mrs. Naputi's July 7, 2021 statement. He does object to the evidence provided in support of the portion of the judgment request, specifically the $216,711.00 purportedly paid to a contractor.

The Government claims Mr. Naputi paid $216,711.00 to a contractor for improvements to Mrs. Naputi's home in Yigo. The Government does not support its claim with a statement from the contractor. Instead, it relies on Mrs. Naputi's statement that Mr. Naputi paid for "some renovation to [her] house in Yigo." (ECF No. 193, ¶¶ 9, 10; Ex. 1). For the improvement valuation the Government relies on a letter from the Government of Guam's Department of Public works estimating the value of improvements made to Mrs. Naputi's property from satellite imagery between 2018 and 2022. (ECF No. 193, ¶10; Ex. 2). That DPW letter states "[t]he values are rough estimates based on an aerial view of the structure and measurements." *Id.*

//

The DPW letter does not differentiate which structures preexisted the "improvements" or adjust values depending upon the nature and quality of the "improvement." Instead, the DPW letter groups the "detached storage shed," "main house" and all other attachments to calculate an area of 2,715 square feet and apply an $99 per square foot price for labor and materials costs to arrive at the sum of $214,506.00. *Id.* It goes on to add "permit fees" of $1,102.50 and "penalties" of $1,102.50, which are included in the Government's request for a judgment of $216,711.00 against Mr. Naputi. Mr. Naputi argues this proof is speculative by its own terms and should therefore be disallowed to support the Government's request for a monetary judgment. See e.g., *United States v. Taquarius Kaream Ford*, 296 F. Supp. 3d 1251, 1260 (D. Or. 2017) (quoting *United States v. Alonso*, 48 F.3d 1536, 1545–46 (9th Cir. 1995)) (emphasis added) (courts may consider "relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that ***the information has sufficient indicia of reliability to supports its probable accuracy***").

## CONCLUSION

Mr. Naputi respectfully submits that the Government's "proof" supporting its request for a monetary judgment of $216,711.00 for improvements to Mrs. Naputi's Yigo property is wholly insufficient. He asks that any money judgment awarded against him be limited to the $82,000 supported by Mrs. Naputi's statement and articulated in the Presentence Investigation Report.

**RESPECTFULLY SUBMITTED** this 24th day of January, 2024.

**BLAIR STERLING JOHNSON & MARTINEZ**
A PROFESSIONAL CORPORATION'



By:_____
**JEHAN'AD MARTINEZ**
*Attorney for Defendant Melvin John Salas Naputi*

A56\10716-71\\G:\drive\pld\jgm\2024.01.24 - Defendant's Partial Opposition to Government's Motion for Forfeiture re USA v M Naputi CR23-000001

- 3 -

Case 1:23-cr-00001   Document 94   Filed 01/24/24   Page 3 of 3